UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHRISTINA KOCHEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:13-CV-440-TLS |
| | ) | |
| PIONEER REGIONAL SCHOOL | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiffs, Christina Kochel and her son, A.W, filed this civil action in Cass Circuit Court. The Defendants are Pioneer Regional School Corporation, and Robert Brock, the principal of Pioneer Junior-Senior High School (the School Defendants). The Plaintiffs also sued the student, A.S., who struck Plaintiff A.W. in the face and broke his jaw, as well as A.S.'s mother, Angel Scripter. At the time of the events, both Plaintiff A.W. (a seventh grader), and Defendant A.S. (an eighth grader), attended Pioneeer. The Plaintiffs' Complaint asserts two claims against the School Defendants, set forth in Counts I and II. The first claim is that the School Defendants breached their duty to properly supervise and protect students, including Plaintiff A.W., and to control Defendant A.S. The second claim is that the School Defendants violated the Plaintiffs' rights under 42 U.S.C. § 1983 when Plaintiff A.W. was called out of class for meetings with Principal Brock the following school year. Count III alleges battery against Defendant A.S.; it is not directed at the School Defendants.

After being served with the Complaint, the School Defendants removed the matter to federal court because Count II of the Complaint referred to a violation of 42 U.S.C. § 1983, a claim over which the Court has original jurisdiction. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

The Court also had supplemental jurisdiction over the state law claims alleged in Counts I and III. *See* 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c).

After the close of discovery, the School Defendants moved for summary judgment on Counts I and II [ECF No. 28]. They argue that there is no dispute over any material facts, which establish that the School Defendants did not breach their duty to supervise Plaintiff A.S., or violate the Plaintiffs' civil rights. In response, the Plaintiffs submit that "[n]one of the claims should be dismissed on summary judgment." (Pl.'s Resp. to Defs.' Mot. for Summ. J. 1, ECF No. 37.) However, the Plaintiff's accompanying Brief in Response, states that the "Plaintiffs waive the 42 U.S.C. § 1983 allegation," and that Counts I and III should proceed to trial. (Pl.'s Brief in Resp. to Defs.' Mot. for Summ. J. 1, ECF No. 38.) Consistent with this waiver, neither the Plaintiff's Brief, nor a later filed Response to Defendants' Reply to the Motion for Summary Judgment [ECF No. 42], further discuss Count II or § 1983. Upon review of the record, the Court finds that the Plaintiffs have abandoned the federal claim. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 597–98 (7th Cir. 2003) (deeming a claim abandoned where the plaintiff failed to delineate claim in the district court in opposition to summary judgment or in his brief on appeal).

Because the only federal claim that was asserted in this litigation has now dropped out of the case, leaving only state-law claims, the Court considers whether it should relinquish supplemental jurisdiction over the state law claims and remand this matter back to the Cass Circuit Court. *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012); 28 U.S.C. § 1367(c)(3) (providing that the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court

should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (stating that the "usual practice" in this circuit is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed before trial). The Court must consider which course of action best serves the interests of "judicial economy, convenience, fairness and comity." *Wright*, 29 F.3d at 1251.

The Seventh Circuit has identified three situations where economy, convenience, fairness and comity may overcome the general rule favoring relinquishment even though all federal claims have dropped out: where the statute of limitations would bar the refiling of the supplemental claims in state court; where substantial judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the state claims should be decided. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009); *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–07 (7th Cir. 2007). None of the exceptions apply here. The statute of limitations would not be a bar because the suit was originally filed in state court and removed to this Court. *See also* 28 U.S.C. § 1367(d) (providing for tolling of statute of limitations on state law claim "while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period"). The Court has not spent significant resources on the resolution of the state claims, and remanding them would not cause a substantial duplication of effort. To the contrary, the burden of resolving the state-law claims would be nearly identical between a federal or a state court, and judicial economy would not be served by this Court's retention of jurisdiction. *Wright*, 29 F.3d at 1251. Finally, this Court has not decided "an issue dispositive of a pendent claim" so that "there is no

use leaving the latter to the state court." *Id.* (stating that "judicial economy, convenience, fairness and comity may point to federal retention of state-law claims . . . when it is absolutely clear how the pendent claims can be decided").

Balancing the principles of judicial economy, convenience, fairness and comity do not justify federal court resolution of the state-law claims of negligence or battery.

## CONCLUSION

For the reasons stated above, the Defendants' Motion for Summary Judgment is GRANTED IN PART (as the federal claim) and DENIED WITHOUT PREJUDICE IN PART (as the state law claims). Count II of the Complaint is DISMISSED WITH PREJUDICE. The Court relinquishes jurisdiction of the state law claims and remands them to the Cass Circuit Court. The Plaintiff's Objection to the Admissibility of Exhibit "I" [ECF No. 41], the School Defendants' Motion to Strike Plaintiffs' Surreply [ECF No. 44], and the Defendants, Pioneer Regional School Corporation and Robert Brock's Motion for Summary Ruling [ECF No. 45], are RENDERED MOOT.

SO ORDERED on February 8, 2016.

                                      s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT
                                      FORT WAYNE DIVISION